NO. 07-09-00214-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
27, 2010

 



 

JESSIE C. HERNANDEZ, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 1
OF LUBBOCK COUNTY;

 

NO. 2008-449,976; HONORABLE LARRY B. "RUSTY" LADD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Jessie C. Hernandez, Jr.,
appeals his conviction, based on a jury verdict, for the offense of
assault/domestic violence[1]
and sentence of 365 days incarceration in the Lubbock County Jail.  We affirm.

Background

            On
February 23, 2008, appellant and his long-time girlfriend and mother of his
children, Elisavet “Evet”
Arias, went out for a night of dancing. 
During the evening, appellant and Evet drank
alcohol, and Evet became intoxicated.  At some point during the night, appellant and
Evet got into an argument.  The argument escalated during the drive to
appellant’s mother’s home, where appellant was living.  The argument continued in the front yard of
appellant’s mother’s home.  Appellant’s
sister, Tracy Hernandez, and appellant’s mother, Mary Hernandez, went out to
the front yard.  Mary observed that Evet had sustained injuries to her face, specifically that
the area around her eyes was swollen. 
Tracy saw blood on Evet’s face, but did not
know what had happened.  Eventually,
appellant began arguing with Tracy and, during this argument, appellant punched
out the rear window of Tracy’s vehicle. 
Tracy was able to convince Evet to leave in
order to get appellant to calm down. 
Tracy called 911 to ask for police assistance because her brother was
intoxicated, out of control, and had beaten up his girlfriend.  

            Evet drove to her mother’s house, where she was
living.  During the drive, Evet called her cousin, Kassey
Reyes, and, while crying hysterically, told Kassey
that appellant had beaten her up.  Upon
entering her mother’s house, Evet’s mother, Andi Arias, was awoken. 
When Andi saw Evet
crying uncontrollably and noticed that she was bleeding, Andi
called 911 “to find out what had happened.” 
However, in this call, Andi told the 911
operator that Evet’s boyfriend had beaten her up,
that her face was all “beat up,” and her knee was cut.  Soon after Evet
arrived at the house, Kassey arrived.  Kassey observed
that Evet’s hair was messed up, she had bruises all
over her face, she had scratches on her arms, and her leg was cut and bleeding.

            Lubbock
Police Corporal Timothy Spann was dispatched on a domestic violence call on
February 23, 2008.  He first went to Mary
Hernandez’s residence.  When he arrived,
he saw two females and a male outside, heard a lot of hollering and screaming,
observed that the male’s hand was bleeding profusely, and saw that the rear
window of one of the vehicles was broken. 
Spann spoke with appellant who explained that his hand was bleeding
because he had punched the car window. 
While Spann was speaking with appellant, he received another call from
dispatch reporting that a woman had called to report that her daughter had been
assaulted.  Dispatch further informed
Spann that the parties of this second call were related to the parties of the
first call.  When Spann informed
appellant that he was going to the Arias residence, appellant put his hands on
the car and said, “Forget it, I am going to jail anyways.  Take me to jail.”  

            Spann
left other officers at the Hernandez residence and proceeded to the Arias
residence.  Spann spoke with Evet and observed that the area of her face from her nose
to her chin was bloody.  Spann also
observed that Evet’s nose appeared swollen and her
upper lip was extremely swollen.  In
response to Andi and Kassey
claiming that appellant had beaten Evet up, Evet stated that appellant did not beat her up, but had hit
her.  

Evet then told Spann about the events of
the evening.  She stated that she and
appellant had gotten into an argument at Club Rico and that he had decided to
leave with some friends.  While she was
sitting at the bar of the club, another man bought her a drink.  Appellant apparently saw this, walked up
behind Evet, and “thumped” her on the back of the
head.  Appellant then told her to take
him home.  Evet
complied and followed appellant into the parking lot.  When they approached the vehicle, appellant
turned around and punched her in the nose. 
Evet said that she could not recall exactly
how many times appellant punched her, but it was at least four times.  Evet explained that
she injured her knee when she fell after appellant hit her.

After obtaining this statement from Evet, Spann radioed the officers at the Hernandez residence
and told them to place appellant under arrest. 
When Spann informed Evet that appellant was
being placed under arrest, she said, “No, no, no, he is going to blame
everything on me.”  Evet
then changed her story and told Spann that her injuries were the result of a
fall.

On April 10, 2008, appellant was
charged by information with the offense of assault/domestic violence.  On July 24, 2008, Evet
filed an Affidavit of Non-Prosecution in which she attested that she had simply
fallen on February 23, 2008, and that appellant did not hit her.  However, approximately one year after the
February 23, 2008 incident, Evet called the Lubbock
Police about another incident between her and appellant and, in this
conversation, she referenced the incident in February 2008 and indicated that
her baby’s father had “beat her ass . . . at a club.”  Then, at trial, Evet
testified that she had simply tripped and fallen in the parking lot of the club
and had hit her knee and face on the asphalt and that appellant had not hit
her.  After hearing all of the evidence,
the jury returned a verdict finding appellant guilty of the offense as charged
in the information.  The jury also heard
the punishment evidence and assessed appellant’s punishment at 365 days
incarceration in the Lubbock County Jail.

By one issue, appellant appeals. 
Appellant contends that the evidence is both legally and factually
insufficient to support his conviction.  As
appellant challenges both the legal and factual sufficiency of the evidence, we
are required to conduct an analysis of the legal sufficiency of the evidence
first and, then, only if we find the evidence to be legally sufficient, do we
analyze the factual sufficiency of the evidence.  See Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996).

Legal Sufficiency

            In assessing the legal sufficiency of the evidence, we
review all the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App.
2004).  In conducting a legal
sufficiency review, an appellate court may not sit as a thirteenth juror, but
rather must uphold the jury’s verdict unless it is irrational or unsupported by
more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988).  

            In the present case, the jury heard evidence that Evet’s story of the events of February 23, 2008, as
recounted on February 23, 2008, was that she and appellant got into an argument
and appellant punched her in the face at least four times.  Additionally, Evet’s
injuries are far more consistent with having been struck by a fist than as the
result of a fall.  Further, the evidence
establishes that Evet’s multiple accounts of the
events of February 23, 2008, consistently indicate that appellant hit her until
Spann informed Evet that appellant had been arrested,
when Evet, for the first time, indicated that her
injuries were the result of a fall.

            Viewing all of the evidence in the light most favorable
to the verdict, we find that the evidence is sufficient to allow a rational
jury to find the essential elements of the offense for which appellant was
charged to be true beyond a reasonable doubt. 
See Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620.  As
such, we conclude that the evidence supporting appellant’s conviction is
legally sufficient.

Factual
Sufficiency

            When an appellant challenges the factual sufficiency of
the evidence supporting his conviction, the reviewing court must determine
whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding the appellant guilty beyond a reasonable
doubt.  See Watson v. State,
204 S.W.3d 404, 415 (Tex.Crim.App.
2006).  In performing a factual
sufficiency review, we must give deference to the fact finder’s determinations
if supported by evidence and may not order a new trial simply because we may
disagree with the verdict.  See id.
at 417.  As an
appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  See id.  Additionally, an appellate opinion addressing
factual sufficiency must include a discussion of the most important evidence
that appellant claims undermines the jury’s
verdict.  Sims v.
State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).  However, when a defendant’s version of the
facts conflicts with other evidence, it is the jury’s prerogative to judge the
credibility of the evidence and to ascribe the weight to be given to the
evidence.  Jones v.
State, 944 S.W.2d 642, 647-48 (Tex.Crim.App.
1996).  

            By his factual sufficiency challenge, appellant contends
that the jury should have believed Evet’s subsequent
statements that she fell as opposed to her initial statements that appellant
hit her in the face.  While Evet’s versions of the events of February 23, 2008, did
conflict, it is the jury’s prerogative to assess the credibility of the
evidence and to ascribe the weight to be afforded the evidence.  Id. 
As there is evidence to support the jury’s determinations, even were we
to disagree with the jury’s verdict, we may not reverse the judgment and remand
the case for a new trial.  See Watson,
204 S.W.3d at 417.

            Reviewing all of the evidence in a neutral light, we find
that the evidence is sufficient to have allowed the jury to rationally find the
appellant guilty beyond a reasonable doubt. 
See id. at 415.  As such, we conclude that the evidence
supporting appellant’s conviction is factually sufficient.

Conclusion

            Concluding that the evidence supporting appellant’s
conviction was both legally and factually sufficient, we overrule appellant’s
sole issue and affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.         








 











[1]
See Tex. Penal Code Ann. § 22.01 (Vernon Supp. 2009).